IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARBARA PERALES, | § § | |
| *Plaintiff,* | § § | SA-22-CV-00606-FB |
| vs. | § § | |
| DOLLAR TREE STORES, INC., | § § | |
| *Defendant.* | § § § § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Compel Production [#23]. By her motion, Plaintiff asks the Court to compel the production of the employee files for the manager on duty at the time of the slip-and-fall underlying this case and the store employee who allegedly failed to clean the area properly. Both individuals are no longer employed by Defendant. (Ex. A [#24-2], at 7.) Defendant filed a response in opposition to the motion, arguing that the motion should be denied because Plaintiff has not served a proper discovery request for the files—or any formal discovery request for that matter. Rather, Plaintiff requested the files via e-mail. (*Id.* at 2.) In response, Defendant provided the last known contact information for the employees but declined to voluntarily produce the personnel files, because Defendant believes they are irrelevant to the allegations in Plaintiff's Complaint. (*Id.* at 5.)

Rule 37 governs motions to compel. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure. Fed. R. Civ. P. 37(a)(3)(A). If a party fails to produce documents as requested under Rule 34, a party seeking the discovery may move for an order compelling the production. *Id.* at 37(a)(3)(B). Plaintiff has not established

1

that Defendant failed to make a disclosure required by Rule 26(a) or failed to produce a document requested under Rule 34. Thus, Plaintiff is not entitled to the requested order compelling the desired discovery.

Rule 26(a) requires the disclosure of the name and contact information of those individuals likely to have discoverable information—along with the subjects of that information, as well as a copy of all documents, electronically stored informant, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1). Plaintiff's motion has not established that Defendant failed to comply with its Rule 26(a) obligations. Defendant has disclosed the name and last known contact information for the two former employees at issue, and Plaintiff's motion does not establish that Defendant was obligated to disclose the desired employee files as documents it may use to support its claims and defenses. If Plaintiff desires the personnel files, she must serve a formal discovery request pursuant to Rule 34. If Defendant still refuses to provide the files based on an objection to relevance, Plaintiff may refile a motion to compel, setting forth the arguments as to why she believes she is entitled to the production under the standards set forth in Rule 26(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production [#23] is **DENIED**.

SIGNED this 12th day of September, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE