IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARBARA PERALES, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00606-FB |
| vs. | § § | |
| DOLLAR TREE STORES, INC., | § § § | |
| *Defendant.* | § | |

### **ORDER**

Before the Court is Plaintiff's Motion for Leave to File Response to Defendant's Motion for Summary Judgment [#41]. By her motion, Plaintiff asks the Court to permit her to file an out-of-time response to Defendant's motion for summary judgment. The Court will deny the motion.

Defendant filed its motion for summary judgment on March 7, 2024. Under this Court's Local Rules, Plaintiff's response to the motion was due on or before March 21, 2024. *See* W.D. Tex. Loc. R. CV-7(d). Plaintiff failed to file a response to the motion within the time prescribed by the Local Rules. Nor did Plaintiff file a timely motion requesting an extension of time to do so. Plaintiff's motion for leave to file an out-of-time response was filed on April 15, 2024, almost six weeks after Defendant filed its motion for summary judgment.

Plaintiff has not provided any basis for granting the motion. Plaintiff's motion only provides one explanation for the failure to comply with the Local Rules: Plaintiff's counsel was not familiar with them and mistakenly thought he could file a response to the motion as part of a

1

cross-motion for summary judgment by May 2, 2024, which is the deadline for filing all dispositive motions in the governing Scheduling Order.

Rule 6 of the Federal Rules of Civil Procedure allows the Court to extend the time to file a response to a motion for good cause if the motion is filed "before the original time" to do so expires. Fed. R. Civ. P. 6(b)(1). If the motion is filed after the time for the response is due, the party who failed to act must make a showing of excusable neglect. *See id.* Plaintiff has not demonstrated excusable neglect. The excusable-neglect standard takes into account "all of the relevant circumstances surrounding the party's omission." *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These include the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay and whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* Again, the only explanation provided by Plaintiff in her motion is that her counsel misunderstood that a response was required within a certain time period under the Court's Local Rules. Although "some misinterpretations" of federal or local rules "could constitute excusable neglect," there is nothing ambiguous about the Local Rule governing the response time for dispositive motions. Ignorance of the unambiguous rules governing this Court, without more, is not excusable neglect.

Additionally, Plaintiff did not attach a proposed summary judgment response to her motion for an extension of time, as required by this Court's Local Rules. *See* W.D. Tex. Loc. R. CV-7(b). Instead, Plaintiff—without leave—filed a response on April 24, 2024 [#44], which is titled both a response and a motion for partial summary judgment. In light of the foregoing, the Court will deny the motion for leave and construe Plaintiff's filing as solely a motion for

summary judgment. The normal response time set forth in the Local Rules governs Defendant's response to the motion. Thus,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Response to Defendant's Motion for Summary Judgment [#41] is **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant shall **FILE** any response to Plaintiff's motion for summary judgment on or before **May 8, 2024**.

SIGNED this 1st day of May, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE