IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARBARA PERALES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-22-CA-00606-FB |
| | § | |
| DOLLAR TREE STORES, INC., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 49) concerning cross-motions for summary judgment, along with Plaintiff's written objections (docket no. 51) thereto and Defendant's response (docket no. 52) to Plaintiff's objections.

Plaintiff objects to the Magistrate Judge's orders striking certain of her summary judgment evidence as contradictory under the sham affidavit rule and for failure to conform with discovery deadlines and to timely comply with her disclosure obligations. The standard of review for evidentiary matters decided by a Magistrate Judge and appealed to the District Court is found in Rule 72(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 72(a). Rule 72(a) provides in part:

> The district judge in the case must consider timely objections and modify or set aside any part of the other order that is clearly erroneous or is contrary to law.

*Id*.; *see also* W. Dist. Loc. R. app. C, 4(a) (citing 28 U.S.C. § 636(b)(1)(A) which provides that "[a]judge of the [district] court shall consider the appeal and shall set aside any portion of magistrate judge's order found to be clearly erroneous or contrary to law"). Having reviewed the orders and relevant filings, the Court finds the evidentiary rulings to be neither clearly erroneous nor contrary to law. Accordingly, the orders of the Magistrate Judge are upheld and affirmed without modification.

As part of her objections, Plaintiff moves the Court to compel Defendant to produce additional discovery.  This request was denied as untimely by the Magistrate Judge on April 9, 2024.  (Text Order dated 04/09/2024: denying Plaintiff's Second Motion to Compel Discovery).  Rule 72(a) requires a party "to file objections to the [Magistrate Judge's non-dispositive] order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  Plaintiff's request, filed almost a year after the deadline, is untimely.  Accordingly, Plaintiff's motion to compel additional discovery is denied.

Plaintiff objects to the Report's recommendation that Defendant's Motion for Summary Judgment be granted and Plaintiff's Counter-Motion for Summary Judgment be denied.  Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law.  *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record.  As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire

record in this cause and has conducted a de novo review with respect to those matters raised by the objections.  After due consideration, the Court concludes the objections lack merit.

As set forth in the Report, Plaintiff's theory of her case is either that she slipped on paper towels covering a puddle of water or a posterboard covering a puddle of water.  (Docket no. 49 at page 17) (citing Perales Interr. [docket no. 36-3] at Nos. 4-6 & Perales Dep. [docket no. 36-1] at 28:4-8; 40:9-11)).  Disregarding the stricken evidence and considering the remaining evidence in the summary judgment record, this Court agrees with the Magistrate Judge that Plaintiff's paper towel theory fails as a matter of law because the large area of wet paper towels on the floor created an open and obvious danger and therefore Defendant did not have a duty of care to protect Plaintiff from the condition.  (*Id.* at pages 17-19); *see also Hillis v. McCall,* 602 S.W.3d 436, 440 (Tex. 2020) (concluding that duty of care does not "extend to warning the invitee of hazards that are open and obvious").  Plaintiff's posterboard theory fails as a matter of law because she failed to produce evidence from which a fact-finder could infer that Defendant had actual or constructive knowledge of a wet substance on the floor, with or without a posterboard on top.  (Docket no. 49 at pages 20-24)  Because these are each essential elements of Plaintiff's premises liability claim, Defendant's motion for summary judgment is granted on Plaintiff's claims under either theory of her case, and Plaintiff's counter motion for summary judgment is denied.

Plaintiff raises a new theory of recovery in her objections.  She states that her discovery responses and deposition testimony establish that she fell on a wet floor with nothing covering the water.  (Docket no. 51 at page 6) ("In looking at Plaintiff's deposition and discovery responses as a whole, it is important to understand that Barbara Perales fell on the ground when slipping on a clear liquid on the floor.").  Specifically, Plaintiff now takes the position that she "fell before arriving at the

area where the posterboard was placed" and "the paper towels . . . were placed over the area after she was taken from the aisle."  (*Id.* at  pages 6-7).

The Fifth Circuit has "held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."  *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citations omitted).  Because Plaintiff's new theory of recovery is not raised before the Court, Plaintiff's objection is overruled.

Moreover, contrary to the objection, Plaintiff's water-only theory is not supported by her discovery responses or deposition testimony.  Plaintiff's discovery response is that she slipped on "white paper towels on the white floor which was wet." ( Perales Interr. [docket no. 36-3] at No. 4). Her deposition testimony is that she "slipped on water covered by a posterboard." (Perales Dep. [docket no. 36-1] at 40:9-14).  Even Plaintiff's live pleading–her Amended Complaint–alleges that "Defendant's employees were aware of the spilled liquid and concealed the hazard with paper or construction paper type material of a similar color to the flooring."   (Docket no. 16 at page 2).  The Court declines the invitation to convert this case to one involving a wet floor with nothing covering the water.  For these and the reasons stated in the Report and Recommendation and Defendant's response, Plaintiff's objections are overruled.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 3) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that:

    *      The evidentiary rulings [striking Plaintiff's Exhibits E and G (docket nos. 44-5 & 44-7), as well as the statements in Exhibit F (docket no. 44-6) that contradict Plaintiff's prior sworn testimony] are UPHELD and AFFIRMED without MODIFICATION;

    *      Defendant's Motion for Summary Judgment (docket no. 36) is GRANTED; and

    *      Plaintiff's Counter-Motion for Partial Summary Judgment (docket no. 44) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for additional discovery is DENIED.

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 4th day of March, 2025.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE